IRENE LANDY, Respondent, v. HYMAN LANDY, Appellant.— Motion to dismiss appeal granted, without costs, and appeal dismissed, without costs. Present — Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.

QUEENS BLVD. SUPPLY & LUMBER CORP., Respondent, v. NEWMAN-FRANKLIN CORP., Appellant.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.

WEDAB CORPORATION, Appellant, v. GEORGE WEINGER, Respondent, et al., Defendants.— Motion referred to the court that rendered the decision. Present — Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ. Motion for reargument denied, with $10 costs. Present — Nolan, P. J., Adel, Wenzel, Schmidt and Murphy, JJ. [See *ante,* p. 877.]

JOHN ARAGONA, Respondent, v. VINCENZA GRELLA, Individually and as Administratrix of the Estate of MICHAEL GRELLA, Deceased, et al., Defendants, and ANGELINA GRELLA et al., Appellants.— Action by a vendee for specific performance of two contracts for the sale of real property and for damages. Defendants-appellants are children of the deceased owner; defendant Vincenza Grella is his widow and the administratrix of his estate. The appeal is from an order directing the examination before trial of appellants and the administratrix with whom the plaintiff contracted. The administratrix had defaulted in pleading, and plaintiff sought and was granted a severance of the action as to her. Order modified so as to provide: That Vincenza Grella be examined as a witness; that the motion to examine before trial is denied insofar as it seeks to examine as to the truth or falsity of representations under item 3 (c); and that the said motion is denied insofar as it seeks to examine as to the financial position of the decedent's estate at the time of the making of the agreements alleged in the complaint and directs the production of accounts, records, check books, bank statements and writings under item 6. As so modified, order affirmed, without costs. Examination to proceed on ten days' notice, which should not require the attendance of more than three of the parties to be examined on any one day. In view of the nature of the action and the severance, examination as to the matters specified above is not necessary, and Vincenza Grella should be examined as a witness solely in the action against the appellants. Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.